IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JANICE FOUTS,

          Plaintiff,

v.                                  CIVIL ACTION NO.   3:14-26470

TRANSUNION CORPORATION and
FARM CREDIT OF THE VIRGINIAS,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Farm Credit of the Virginias' Motion to Dismiss [Count Three of] the Complaint,[1] brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 7. For the foregoing reasons, the Court **GRANTS** Defendant's motion.

**I.    Background**

Plaintiff, Janice Fouts, brings claims against Transunion Corporation ("Transunion") and Farm Credit of the Virginias' ("Farm Credit"), alleging violation of the Fair Credit Reporting Act ("FCRA"), violation of the Fair Credit Billing Act ("FCBA"), and defamation.  Transunion is a credit reporting agency ("CRA"), responsible for assembling and distributing consumer reports to third parties.  Farm Credit is a national bank, and in the course of its business, it furnishes information on its customers to CRAs.  Plaintiff's complaint relates to information incorrectly reported by Transunion related to accounts she held with Farm Credit.

---

[1] Defendant Farm Credit styled its motion as a "Motion to Dismiss Complaint," but the motion only addresses and seeks dismissal with respect to Count Three of the Complaint.

Though not clarified in the complaint itself, Plaintiff obtained a loan from Farm Credit sometime prior to 2010. In March 2010, Plaintiff explains that she obtained a loan modification from Farm Credit. That modification allegedly paid off her original loan with Farm Credit and created a new loan with a high balance of $95,214. Sometime the following year, Plaintiff filed for Chapter 7 bankruptcy protection. On January 3, 2013, following sale of the secured property, Plaintiff claims that she paid off the mortgage lien with Farm Credit.

On or about November 18, 2013, Plaintiff accessed and reviewed her Transunion credit report and discovered that it showed two accounts with Farm Credit, both sharing the same account number and both being reported as discharged in bankruptcy. After discovering this allegedly incorrect information, Plaintiff sent a letter to Transunion disputing the information reported related to the two accounts, explaining that only one of the Farm Credit accounts—the newer loan—was discharged in bankruptcy. According to Plaintiff, Transunion did not make the necessary corrections.

On or about November 24, 2013, Plaintiff sent a second complaint letter to Transunion, again notifying Transunion of the allegedly incorrect information in her credit report. Again, Transunion did not make the allegedly necessary corrections. The allegedly incorrect information similarly remained on Plaintiff's Transunion credit report after Plaintiff sent a third and fourth complaint letter to Transunion on March 26, 2014, and May 15, 2014, respectively.

Counts One and Two in Plaintiff's complaint relate to Transunion, with only Count Three being raised against Farm Credit. On October 23, 2014, Defendant Farm Credit moved to dismiss Count Three for failure to state a claim upon which relief can be granted. ECF No. 7. On October 24, 2014, Plaintiff filed a Response to Defendant's motion, ECF No. 9, and on October 31, 2014, Defendant timely filed a reply. ECF No. 12. Defendant's motion is now ripe for resolution.

## II. Legal Standard

A motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "[I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. *Id.* (citation omitted).

When considering a motion to dismiss, a court should (1) "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. . . .," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and then (2) "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

For the first step, the complaint must provide the plaintiff's "grounds of . . . entitlement to relief" in more factual detail than mere "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

For the second step, a court must take the factual allegations in the complaint as true, and the complaint must be viewed in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570 (internal quotation marks omitted). Plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint

pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

### III. Discussion

Defendant Farm Credit argues that dismissal of Count Three is appropriate because: (1) to the extent that the complaint raises a state-based cause of action, such claims are preempted by federal law; (2) there is no private right of action available to Plaintiff under the FCRA; and (3) the allegations in the complaint insufficiently state a claim. *See* ECF No. 8.

First, clarifications provided in Plaintiff's Response resolve Farm Credit's preemption arguments. Count Three of the complaint does not expressly state a cause of action against Farm Credit, bears no title explaining the legal basis for relief, and offers no statutory references. *See* Complaint, ¶¶ 46–50. Accordingly, Defendant Farm Credit understandably argued in its motion as though Plaintiff were proceeding under a variety of causes of action. Farm Credit's preemption argument is relevant only to the extent that Plaintiff intended to raise state-based claims. However, Plaintiff explains in her Response that "the allegations in [Count Three] deal only with the Plaintiff's allegations under § 1681s–2(b) and not any state [statute] or common law." ECF No. 10 at 5. Accordingly, the Court need not consider the preemption argument raised by Defendant Farm Credit.

Second, Plaintiff's clarification similarly partially resolves Defendant Farm Credit's argument that there is not a private cause of action available to Plaintiff. Section 1681s–2 of the FCRA addresses the responsibilities of furnishers of information—e.g., Farm Credit—when providing information to CRAs—e.g., Transunion. Section 1681s–2(a) requires furnishers of information to provide accurate information to reporting agencies. While creating a duty to provide accurate information, the FCRA does not provide a private right of action to enforce that

duty. *Smith v. American Express*, No. 1:13-cv-3014, 2014 WL 4388259, *6 (S.D. W.Va. Sept. 4, 2014). Enforcement is instead reserved exclusively to federal agencies and officials and state officials. 15 U.S.C. § 1681s–2(d). Thus, the complaint cannot stand if read to raise a claim against Farm Credit under § 1681s–2(a).

That said, the FCRA does allow a private right of action to enforce a furnisher's duty to investigate upon notice of a dispute pursuant to § 1681s–2(b). Consistent with the clarification provided in Plaintiff's Response, this leaves only the sufficiency of allegations with respect to stating a claim under § 1681s–2(b) at issue.

In relevant part, § 1681s–2(b) provides that:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
> (i) modify that item of information;
> (ii) delete that item of information; or
> (iii) permanently block the reporting of that item of information.

The Fourth Circuit has concluded that this section "requires creditors, after receiving notice of a consumer dispute from a credit reporting agency, to conduct a reasonable investigation of their records to determine whether the disputed information can be verified." *Johnson v. MBNA America Bank, NA*, 357 F.3d 426 (4th Cir. 2004). In order to bring a viable claim under § 1681s–

-5-

2(b), a plaintiff "must establish that: (1) he or she notified the consumer reporting agency of the disputed information; (2) the consumer reporting agency notified the defendant furnisher of the dispute; and (3) the furnisher then failed to investigate and modify the inaccurate information." *Ausar-El v. Barclay Bank Delaware*, 2012 WL 5897668, *1 (D. Md. Nov. 21, 2012).

The following paragraphs from Plaintiff's Complaint allege facts against Farm Credit:

1. "Upon information and belief, the Defendant [Farm Credit] sent incorrect information about the mortgage information to Transunion resulting in Transunion reporting incorrect information stating that the mortgage account listed closed on March 5, 2010 as discharged in bankruptcy." Compl. at ¶22.

2. "Upon information and belief, [Farm Credit] verified the incorrect information being reported on the Plaintiff's credit report with Transunion as true and correct." Compl. at ¶26.

3. "Upon information and belief, [Farm Credit] verified the incorrect information being reported on the Plaintiff's credit report with Transunion as true and correct." Compl. at ¶31.

4. Upon [information] and belief, [Farm Credit] again verified the incorrect information being reported on the Plaintiff's credit report with Transunion as true and correct." Compl. at ¶35.

Farm Credit argues simply that because the duties under § 1681s–2(b) are only "triggered by receipt of notice from a credit reporting agency of a credit dispute," *Copley v. Fairbank*, 2011 WL 2421024, *2 (S.D. W.Va June 13, 2011), and the complaint fails to allege that Transunion notified Farm Credit of the disputed information, Plaintiff has failed to state a claim against Farm Credit.

Indeed, as represented by Farm Credit, Plaintiff makes no factual allegations that Defendant Transunion notified Farm Credit that the reported account information was disputed. Moreover, all of the facts alleged in the Complaint relate to the accuracy of reported information—an issue within the scope of § 1681s–2(a) for which there is no private cause of action—nowhere addressing Farm Credit's investigatory duties under § 1681s–2(b). Plaintiff has thus alleged only the first necessary fact in sustaining a claim under § 1681s–2(b): that she notified

the CRA, Defendant Transunion.

In response, Plaintiff offers that "[t]he FCRA does not require a CRA to tell a *consumer* when it notifies a *furnisher* of *information* about the consumer's dispute. As a result a consumer may not, at the time of filing a complaint, be in a position to allege that notification." *Lang v. TCF Nat. Bank*, 249 Fed. Appx. 464, 466 (7th Cir. 2007) (unpublished) (emphasis in original). "Thus, the Plaintiff can only base her allegations on 1) the fact that Farm Credit and Transunion made a change to Plaintiffs credit report in response to her first dispute letter, and 2) on assumption that TransUnion followed its statutory requirements under FCRA to pass Plaintiff's dispute letters on to Farm Credit." Pl.'s Response, ECF No. 10 at 5.   While recognizing the difficultly faced by a plaintiff that is not statutorily guaranteed notice of communications between CRAs and furnishers of information, that difficulty is not so great that it trumps fundamental pleading standards.

A court must accept all allegations in a plaintiff's complaint as true, drawing reasonable inferences therefrom, but it is not appropriate to assume facts that a plaintiff has not alleged or "violation of laws in ways that have not been alleged." *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).   Construing the complaint in the light most favorable to Plaintiff, the Court simply cannot uncover even a conclusory recitation that upon notification by Transunion, Defendant Farm Credit failed to investigate and modify the incorrect information reported by Defendant Transunion, much less any factual allegations supporting such a recitation.   Unless and until a plaintiff is able to present factual allegations plausibly suggesting that a furnisher of information (1) received notification from a CRA of disputed information and (2) failed to adequately investigate and, if necessary, correct that disputed information, that plaintiff will appropriately be unable to sustain a claim under § 1681s–2(b).

**IV.    Conclusion**

For the foregoing reasons, the Court **GRANTS** Farm Credit of the Virginias' Motion to Dismiss Count Three of the Complaint for failure to state a claim.   Count Three against Defendant Farm Credit is **DISMISSED** without prejudice.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:    December 18, 2014

        ROBERT C. CHAMBERS, CHIEF JUDGE